UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:18-cv-437-DJH

| | |
|---|---|
| **NAVIGATORS INSURANCE COMPANY** | **PLAINTIFF** |
| v. | |
| **THE UNIVERSITY OF LOUISVILLE FOUNDATION, INC.; JAMES R. RAMSEY; KATHLEEN SMITH; BURT DEUTSCH; MICHAEL CURTIN; and JASON TOMLINSON** | **DEFENDANTS** |
| v. | |
| **R.H. CLARKSON INSURANCE GROUP** | **THIRD PARTY DEFENDANTS** |

## THIRD PARTY COMPLAINT WITH JURY TRIAL DEMAND

Defendant The University of Louisville Foundation, Inc. (the "Foundation"), pursuant to Rule 14(a)(1), FED. R. CIV. P., respectfully brings the following Third Party Complaint against Third Party Defendant R.H. Clarkson Insurance Group ("Clarkson"). In support of this Third Party Complaint, the Foundation states as follows:

### PARTIES

1.  The Foundation is a non-profit corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business in Jefferson

1

County, Kentucky. The Foundation works exclusively for the charitable and educational purposes of the University of Louisville (the "University"). The Foundation holds, invests, and designates the University's endowment (the "Endowment").

2. Upon information and belief, Clarkson is a Kentucky business corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business in Jefferson County, Kentucky.

## JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over these third party claims and venue in this Court is proper pursuant to 28 U.S.C. § 1367 because they forms part of the same case and controversy as the primary claims asserted by Plaintiff Navigators Insurance Company ("Navigators") against the Foundation in this action.

## GENERAL FACTUAL BACKGROUND

4. Clarkson is an insurance brokerage firm that is an agent for Navigators.

5. Richard P. Lewis ("Lewis"), an agent in Clarkson's business insurance team, worked directly with Defendant Jason Tomlinson ("Tomlinson"),

the Foundation's assistant treasurer, to draft an insurance proposal for the Foundation on behalf of Navigators.

6. On August 15, 2016, Lewis provided Tomlinson and the Foundation with a proposal for a directors and officers insurance policy underwritten by and on behalf of Navigators.

7. Over the following two weeks, Lewis guided Tomlinson through the application process for Navigators and assisted with the assembly of documents and information for the application. Lewis even drafted two warranty and representations statements for the Foundation to execute as part of the application process with Navigators.

8. Tomlinson, on behalf of the Foundation, completed the Foundation's application for directors and officers insurance and submitted that application to Clarkson as the agent for Navigators.

9. The Foundation eventually contracted with Navigators, through Clarkson as agent for Navigators, for a directors and officers insurance policy. The Foundation and Navigators entered into an insurance agreement titled Not-For-Profit InNAVation Policy[1] (the "Policy"), effective September 1, 2016. The Policy includes a Directors and Officers Liability Coverage Part (the "D&O Coverage Part") and a Fiduciary Liability Coverage Part issued as part of the Policy.

---

[1] Policy number NY16DOLVBEOWNV

10. The Policy is a claims-made policy and was in effect at the time of the claims described herein.

*Facts Giving Rise to the Underlying Litigation*

11. As discussed in more detail in the Complaint in the Underlying Lawsuit, during their time controlling the Foundation, the individual Defendants unlawfully mismanaged the Endowment by (i) spending Endowment funds at an excessive and unsustainable rate; (ii) "investing" Endowment funds in speculative ventures, loan, and gifts with no reasonable chance of repayment; (iii) depleting Endowment funds through intentionally complicated and often-unauthorized transactions, (iv) paying themselves excessively from Endowment funds; and (v) disguising and mischaracterizing transactions in order to escape scrutiny and avoid or manipulate the Foundation's spending limits.

12. After becoming aware of the wrongful conduct of the individual Defendants, the Kentucky's Commonwealth Auditor began an investigation of the Foundation and the individual Defendants. This investigation garnered media attention in Louisville and resulted in the creation of the Auditor's Report.

13. The Auditor's Report was released to the public on December 14, 2016, and detailed the individual Defendants' wrongdoing and many of the facts related to the claims in the Underlying Lawsuit.

4

### *Disclosure of Potential Claims to Clarkson*

14.     After the Auditor's Report had been released, Tomlinson was concerned it could constitute implied or threaten claims under the Policy, notice of which was required to be provided to Navigators.

15.     In September of 2016, Tomlinson discussed the Auditor's Report and the potential implications associated with it with Lewis. Tomlinson asked Lewis how the Auditor's Report would affect the Policy and the Foundation's coverage.

16.     On September 22, 2016, Tomlinson emailed Lewis and asked whether the Auditor's Report and its media coverage constituted a claim under the Policy and noted that "it's obvious from the media that [a claim] has been implied or threaten (sic)." (Tomlinson's email is attached as Exhibit A.)

17.     Lewis responded to Tomlinson's email and stated that such threatened claims were "made public after" the date of the Foundation's warranty and representations letters and that no updated or revised warranty or representations letter would be necessary. (Lewis's response email is attached as Exhibit B.)

18.     Tomlinson relied on Lewis's response and representations in not revising the warranty and representations letters to Navigators and in providing Navigators with no additional notice of the potential claims associated with the Auditor's Report.

5

*The Underlying Lawsuit*

19. On April 25, 2018, the Foundation (along with the University) filed a civil action[2] against the individual Defendants and various other parties in the Circuit Court of Jefferson County. In the Underlying Lawsuit, the Foundation asserts various claims against the individual Defendants for fraud and breaches of their respective duties to the Foundation related to management of the University's Endowment. (The Complaint in the Underlying Lawsuit is attached as Exhibit C.)

20. On May 9, 2018, the University and the Foundation filed their First Amended Complaint, which added a claim for declaratory relief against the individual Defendants. (The First Amended Complaint in the Underlying Lawsuit is attached as Exhibit D.)

21. On May 11, 2018, the University and the Foundation formally put Navigators on notice of the claims arising from the Underlying Lawsuit and provided Navigators with a copy of the First Amended Complaint.

22. Any liability the individual Defendants have to the University or the Foundation falls within the insurance coverage provided under the D&O Coverage Part of the Policy.

---

[2] *The University of Louisville, et al. v. James R. Ramsey, et al.*; civil action no. 18-CI-002385 in the Jefferson Circuit Court, Division Nine (the "Underlying Lawsuit").

23. The Foundation and the University complied with all notice requirements under the Policy related to the claims arising through the Underlying Lawsuit.

*Navigators Claims*

24. Navigators instituted this action essentially requesting the Court declare Navigators has no liability to the Foundation for any of the claims arising from the Underlying Lawsuit.

25. In particular, Navigators seeks rescission of the Policy or a judicial declaration that Navigators has no liability to the Foundation related to the claims in the Underlying Lawsuit. Navigators seeks this relief based on its allegations that the Foundation had knowledge of the claims in the Underlying Lawsuit through the Auditor's Report and related investigation but failed to disclose them to Navigators. *See*, *e.g.*, Compl. ¶ 36 ("The Application contains misrepresentations that materially affected the acceptance of the risk or hazard assumed by Navigators under the Policy.") (doc 1).

26. The Complaint goes on to allege that the "knowledge exclusion" of the Policy purportedly precludes any coverage because Tomlinson failed to disclose the potential claims that were the subject of the Auditor's Report in the Foundation's application for the Policy. *See* Compl. ¶¶ 15, 74 ("The claims in the

7

[Underlying] Lawsuit are barred from coverage under the Policy pursuant to the Knowledge Exclusion set out in Paragraph 15 above.").

27. Both of Navigators's allegations are a direct result of Tomlinson's reliance on Clarkson's representations that he received from Lewis.

## COUNT I
## FRAUD

28. The Foundation incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

29. Tomlinson, on behalf of the Foundation, affirmatively asked Lewis if the allegations made in the Auditor's Report and through the investigation culminating in the Auditor's Report constituted a threatened or implied claim that required disclosure to Navigators.

30. Lewis, as an agent of Clarkson, instructed Tomlinson that the Foundation was not required to make such a disclosure.

31. Clarkson made a material representation to the Foundation through Lewis's instruction that the Foundation need not disclose the findings of the Auditor's Report or investigation to Navigators.

32. If Navigators successfully avoids coverage of the claims arising from the Underlying Lawsuit, then Clarkson's material representation was false. Even if

Navigators is unsuccessful in avoiding coverage, the mere fact that they have made such allegations suggests that Clarkson's material representation was false.

33. Clarkson made this material representation while either knowing it was false or with reckless disregard for whether it was true or false. Upon information and belief, Clarkson undertook no independent inquiring to determine the veracity of its material representation before making it to the Foundation.

34. Clarkson made this material representation with inducement that the Foundation act upon it.

35. The Foundation relied on Clarkson's material representation and did not supplement its disclosures with the substantive allegations of the Auditor's Report in its application to Navigators for the Policy.

36. Clarkson's material representation and the Foundation's reliance upon it resulted in injury to the Foundation in the form of Navigators's filing of this action and attempted avoidance of coverage of the claims arising from the Underlying Lawsuit.

WHEREFORE, the Foundation requests the Court enter a judgment against Clarkson for compensatory and punitive damages and for any other relief to which it is entitled.

## COUNT II
## NEGLIGENCE

37. The Foundation incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

38. Clarkson had a legal duty to exercise due diligence in determining whether Navigators required disclosure of the substantive allegations of the Auditor's Report by the Foundation. At a minimum, this legal duty was created when the Foundation, through Tomlinson, affirmatively asked Lewis, as Clarkson's agent, whether disclosure was appropriate and Lewis took the affirmative of action of answering in the negative and instructing the Foundation to make no supplemental disclosure.

39. Clarkson failed to conform to its legal duty.

40. Clarkson's failure to conform to its legal duty caused the Foundation to be injured by the filing of this action by Navigators and by Navigators's attempted avoidance of coverage of the claims in the Underlying Lawsuit.

41. The Foundation was actually injured by Clarkson's failure.

WHEREFORE, the Foundation requests the Court enter a judgment against Clarkson for compensatory and punitive damages and for any other relief to which it is entitled.

## **DEMAND FOR TRIAL BY JURY**

The Foundation hereby demands a trial by jury on all issues so triable.

        Respectfully submitted,

        /s/ *Jeremy S. Rogers*
        Jeremy S. Rogers

**OF COUNSEL**

Andrew P. Campbell (*pro hac vice* to be filed)
Stephen D. Wadsworth (*pro hac vice* to be filed)
A. Todd Campbell (*pro hac vice* to be filed)
Cason M. Kirby (*pro hac vice* to be filed)
CAMPBELL GUIN, LLC
505 20th Street North, Ste. 1600
Birmingham, AL 35205
Telephone: (205) 224-0750

R. Kenyon Meyer
Jeremy S. Rogers
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300 Telephone
(502) 585-2207 Facsimile

*Counsel for the Foundation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of August, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert L. Steinmetz
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
rsteinmetz@gsblegal.com
*Counsel for Plaintiff*

Ann B. Oldfather
R. Sean Deskins
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, KY 40208
aoldfather@oldfather.com
sdeskins@oldfather.com
*Counsel for Defendant, Kathleen Smith*

And via Electronic E-mail to:

Stephen B. Pence
Pence & Whetzel, PLLC
9300 Shelbyville Road, Suite 1205
Louisville, KY 40223
steve@pencelegal.com
*Counsel for Defendant James R. Ramsey*

Donald L. Cox
Matthew P. Cox
Lynch, Cox, Gilman & Goodman, P.S.C.
500 W. Jefferson Street, Suite 500
Louisville, KY 40202
doncox@lynchcox.com
mcox@lynchcox.com
*Counsel for Defendants, Burt Deutsch, Michael Curtin, and Jason Tomlinson*

/s/ *Jeremy S. Rogers*
Jeremy S. Rogers

13242089_1.docx