UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18CV-00437-DJH

**NAVIGATORS INSURANCE COMPANY**  PLAINTIFF

VS.

**UNIVERSITY OF LOUISVILLE
FOUNDATION, INC., et al.**  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Defendant University of Louisville Foundation, Inc. filed a Third-Party Complaint against R.H. Clarkson Insurance Group on August 27, 2018, in this declaratory judgment action. (DN 13). Plaintiff Navigators Insurance Company has now filed a Motion to Strike Defendant's Third-Party Complaint. (DN 23). Defendant has responded in opposition (DN 28), and Plaintiff has replied (DN 35). This matter is ripe for adjudication.

Background

A. The Policy

In late August of 2016, Plaintiff Navigators Insurance Company ("Navigators") negotiated and issued a Not-For-Profit InNAVation Policy, which included Directors and Officers coverage, to Defendant University of Louisville Foundation, Inc. ("the Foundation"). (DN 1, at ¶¶ 11-12). The Policy was to provide coverage from September 1, 2016 to September 1, 2017. *(Id.)*. While underwriting the Policy, Navigators required the Foundation to complete and sign an "Application for Not-For-Profit Directors and Officers Liability Insurance and Fiduciary Liability Insurance."

(*Id.* at ¶ 13). Jason Tomlinson ("Tomlinson"), the Assistant Treasurer of the Foundation, signed and submitted the Application on behalf of the Foundation and other Insureds on August 29, 2016. (*Id.* at ¶ 14). Question 7.c. of the Application asked whether any director or officer had any knowledge of "any act, error, omission, fact, incident, situation, unresolved dispute or any other circumstance that is or could be the basis for a claim under the proposed insurance policy?" (*Id.* at ¶ 15). This Question further cautioned applicants to:

> REPORT KNOWLEDGE OF SUCH INCIDENTS TO YOUR CURRENT INSURER PRIOR TO YOUR CURRENT POLICY EXPIRATION. IT IS UNDERSTOOD AND AGREED THAT ANY CLAIM ARISING OUT OF ANY SITUATION THAT IS OR SHOULD HAVE BEEN REPORTED IN [7.c.] ABOVE IS EXCLUDED FROM THE PROPOSED INSURANCE [(the "Knowledge Exclusion")].

(*Id.*). Tomlinson answered "no" to this question. (*Id.* at ¶ 15).

### B. The State Court Lawsuit

In April of 2018, the Foundation and the University of Louisville filed a lawsuit against: (1) Tomlinson, former Assistant Treasurer of the Foundation; (2) James Ramsey, former President of the University and of the Foundation; (3) Kathleen Smith, former Assistant Secretary of the Foundation and Chief of Staff for the University President; (4) Burt Deutsch, former member of the Foundation's Board of Directors; (5) Michael Curtin, former Assistant Treasurer of the Foundation; and (6) Stites & Harbison, PLLC, former counsel for the University and the Foundation.[1] (*Id.* at ¶¶ 17-18). The lawsuit alleges that the Individual Defendants knowingly caused the Foundation to spend endowment funds at "an excessive and unsustainable rate, while simultaneously authorizing the payment of excessive compensation to Ramsey, Smith, and others associated with the Foundation." (*Id.* at ¶ 19).

---

[1] The lawsuit is styled as: *The University of Louisville and the University of Louisville Foundation, Inc. v. James Ramsey, et al.*, Case No. 18-CI-002385, Jefferson County Circuit Court, Commonwealth of Kentucky. (*See* DN 1, at ¶ 17).

Navigators offered to represent Defendants Tomlinson, Ramsey, Smith, Deutsch, and Curtin in the lawsuit, while reserving both the right to deny coverage for the claims in the lawsuit and to seek rescission of the Policy. (*Id.* at ¶ 27). The Individual Defendants are seeking advancement of indemnification for their costs, expenses, and damages in that lawsuit from the Foundation. (*Id.* at ¶ 28). If the Foundation pays advancement or indemnification for any or all of these Individual Defendants, it will seek reimbursement from Navigators under the Policy. (*Id.* at ¶ 29).

## C. This Action

As a result of the underlying lawsuit, Navigators initiated this action on July 6, 2018, against the Foundation, Tomlinson, Ramsey, Smith, Deutsch, and Curtin, seeking a declaratory judgment that its Policy with the Foundation is void and rescinded or, alternatively, that it has no duty to defend the Individual Defendants under the Policy. (*See id.* at ¶¶ 33-87). If the Court determines Navigators had no duty to defend then Navigators seeks reimbursement for costs already incurred in defending the Individual Defendants in the underlying lawsuit. (*Id.* at ¶¶ 88-92). Navigators does not assert any claim for monetary damages against the Foundation.

Navigators bases its claims on alleged "material misrepresentations" made in the Application for Insurance submitted by Tomlinson on August 29, 2016. (*Id.* at ¶¶ 35-36, 59). Navigators alleges that the Foundation and its Officers, at the time the Application was signed, had knowledge of facts and circumstances that could form the basis of a claim under the Policy, violating the "Knowledge Exclusion" from Question 7.c. (*Id.* at ¶¶ 50-52). Alternatively, Navigators argues that no duty to defend or indemnify the Individual Defendants exists in the underlying lawsuit based on various exclusions from the Policy. (*Id.* at ¶¶ 70-75).

The Foundation timely filed its Answer (DN 9) and shortly thereafter filed a Third-Party Complaint against its insurance broker, R.H. Clarkson Insurance Group ("Clarkson"). (DN 13). The Foundation's Third-Party Complaint alleges that Clarkson, an insurance brokerage firm, is an agent for Navigators and that Richard P. Lewis ("Lewis"), an insurance agent for Clarkson, worked with Defendant Tomlinson on the Foundation's Application for the policy issued on behalf of Navigators. (*Id.* at ¶¶ 4-6). The Third-Party Complaint states that from August 15 to August 29, 2016, Lewis "guided Tomlinson through the application process for Navigators" and drafted two warranty and representation statements for the Foundation to execute as part of the Application. (*Id.* at ¶ 7).

The Foundation further claims that in September of 2016, Tomlinson became concerned that "an Auditor's Report and the potential implications associated with it" might threaten claims under its Policy with Navigators and asked Lewis how the Auditor's Report would affect coverage under the Policy. (*Id.* at ¶¶ 14-15). Lewis allegedly responded to Tomlinson that such threatened claims from the Auditor's Report were made public after the date of the Foundation's warranty and representations letter and that no updated or revised letter would be necessary. (*Id.* at ¶ 17). The Third-Party Complaint alleges that Tomlinson relied on Lewis' response and representations in not revising the letter and in not providing Navigators with additional notice of potential claims related to the Auditor's Report. (*Id.* at ¶ 13). Since the Foundation believes Navigators' allegations in this action are a direct result of Tomlinson's reliance on Clarkson's representations (via Lewis), the Foundation asserts third-party claims of fraud and negligence against Clarkson and seeks compensatory damages. (*Id.* at ¶¶ 27-41).

## Motion to Strike

Now Navigators has moved to strike the Foundation's Third-Party Complaint from the record because it believes it is improper under Federal Rule of Civil Procedure 14. (DN 23-1). Specifically, Navigators alleges the third-party claims of fraud and negligence are not proper under Rule 14(a) because they do not seek to hold Clarkson liable to the Foundation for Navigators' causes of action against the Foundation. (*Id.* at p. 4). Even if it had asserted a claim against the Foundation, Navigators argues that the Foundation did not allege a factual basis for finding Clarkson responsible for rescission of the Policy. (*Id.* at p. 5). Navigators explains that Tomlinson's reliance on Clarkson's representations occurred nearly a month after the Application was submitted and, therefore, could not form the basis of the alleged misrepresentations made in the Application. (*Id.* at pp. 5-6).

The Foundation responds that its third-party claims are proper because Clarkson's liability to the Foundation is dependent on the outcome of Navigators' main claims. (DN 28, at p. 28). The Foundation reasons that if Navigators avoids liability under the Policy as a result of the Foundation's representations in the Application, "that very avoidance gives rise to Clarkson's liability to the Foundation on the claims of the Third-Party Complaint." (*Id.* at p. 4). The Foundation also emphasizes that permitting it to implead Clarkson promotes judicial efficiency because of the "common factual setting" of the main claims and the third-party claims. (*Id.* at pp. 6-7).

On the same day the Foundation filed its response, it also filed an "Amended Third-Party Complaint" (DN 27), that it argues "resolves Navigators' substantive objections" (DN 28, at pp. 7-8). The Foundation asserts that it has received additional evidence since filing its Third-Party Complaint demonstrating "an even higher level of involvement by Clarkson" in preparing the

Foundation's Application for the Policy, which refutes Navigators' argument that the Third-Party Complaint does not allege a factual basis for finding Clarkson responsible. (DN 28, at pp. 8-9). The Foundation also asserts that Navigators' argument is one for dismissal under Rule 12(b)(6) and, therefore, the Foundation's allegations should be taken as true. (*Id.* at p. 8).

In reply, Navigators reiterates the arguments from its Motion to Strike, emphasizing that because it does not allege that the Foundation is liable to it in the original Complaint, Clarkson also cannot be liable to the Foundation for Navigators' claims against it. (DN 35, at p. 3). Navigators also submits that even the Foundation's Amended Third-Party Complaint does not set forth a factual basis establishing Clarkson's responsibility for the alleged misrepresentations in the Application for insurance, the only relief sought against the Foundation. (*Id.* at pp. 7-8).

Analysis

Federal Rule of Civil Procedure 14 governs "third-party practice," otherwise known as "impleader." Fed. R. Civ. P. 14. This Rule allows a third-party complaint to be served upon "a person not a party to the action who is or may be liable to a third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (quoting Fed. R. Civ. P. 14(a)). The purpose of Rule 14 is "to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all interested parties in one suit." *Id.* (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)).

The right to implead is not automatic, and district courts have broad discretion in determining whether to permit impleader. *Ohio Farmers Ins. Co. v. Special Coatings, LLC*, No. 3:07-1224, 2008 WL 5378079, at *13 (M.D. Tenn. Dec. 23, 2008). A third-party claim is generally

appropriate "where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party to be impleaded." *Am. Zurich Ins. Co.*, 512 F.3d at 805. The third-party claim "must be founded on a third-party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Id.* A third-party complaint usually involves claims of indemnity, contribution, or subrogation. *See Fed. Home Loan Mortg. Corp. v. Kantz*, No. 3:15-cv-00932, 2018 WL 1535465, at *3-4 (M.D. Tenn. Mar. 29, 2018) (citing *Ohio Farmers Ins. Co.*, 2008 WL 5378079, at *13).

In a typical Rule 14 case, a plaintiff brings a cause of action against a defendant for damages, and the defendant/third-party plaintiff then impleads a third party that he believes is liable to him for the potential damage award. *State Coll. Area School Dist. v. Royal Bank of Canada*, 825 F.Supp.2d 573, 579 (M.D. Pa. 2011). A more challenging question arises when the action does not fit precisely into this classic model; that is, "where the underlying complaint is not one for monetary damages, but instead seeks a declaratory judgment against the defendant." *Id.* The "challenge," is that an action for declaratory judgment "does not necessarily involve a claim in which the original defendant may be 'liable,' in the usual understanding of the word, to the plaintiff[.]" *Kantz*, 2018 WL 1535465, at *3-4 (quoting *State Coll. Area School Dist.*, 825 F.Supp.2d at 579). Rather, the decision in a declaratory judgment action is simply whether or not certain rights or duties exist.

Such is the situation here. Navigators does not seek monetary damages from the Foundation. Navigators only seeks a declaration that its Policy with the Foundation and Individual Defendants is void or that it has no duty to defend the Individual Defendants in the state court action. The Foundation's Third-Party Complaint seeks to hold Clarkson responsible for the

damages it would incur if this Court finds the insurance policy to be null and void because of Clarkson's involvement in the application process. If Navigators is successful on its declaratory judgment action, the Foundation could suffer a loss for which Clarkson may be liable. However, the Foundation would likely not seek to recover damages from Clarkson if Navigators receives an adverse ruling. Essentially any liability that Clarkson may have to the Foundation is dependent on the Court's ruling on Navigator's underlying declaratory judgment claim.

Courts have differed on their application of Rule 14 in this context.[2] One line of cases holds that Rule 14 impleader is improper where the plaintiff in the underlying action seeks a declaratory action against the defendant, rather than to hold the defendant liable. *See 839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Trust Co.*, No. 15-CV-4516 (SIL), 2016 WL 5372804, at *4-6 (E.D.N.Y. Sept. 26, 2016); *Burlington Ins. Co. v. BAL Enterprises, LLC*, No. 2:07cv127KS-MTP, 2008 WL 2477466, at *2-3 (S.D. Miss. June 17, 2008); *St. Paul Surplus Lines Ins. Co. v. Rhoads.*, No. 88-3634, 1988 WL 127655, at *1 (E.D. Pa. Nov. 28, 1988). This District applied this reasoning twice in 2011, finding that Rule 14 impleader was inappropriate where the third-party plaintiff's claims would not meaningfully impact the coverage question in the underlying declaratory judgment action. *Westfield Ins. Co. v. B.H. Green & Son, Inc.*, No. 5:11-CV-10, 2011 WL 13210095, at *1-2 (W.D. Ky. Oct. 17, 2011); *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155-R, 2011 WL 13210279, at *1-2 (W.D. Ky. Oct. 21, 2011). This line of cases strictly applies the language of Rule 14 and does not find a third-party action to be "contingent" for purposes of Rule 14 simply because the third-party plaintiff would only seek recovery from the third-party defendant if the

---

[2] There is a wealth of case law addressing the issue of whether a third-party defendant can be properly impleaded under Rule 14 when the underlying action is one for declaratory judgment. None of this case law is cited by either Navigators or the Foundation in its briefing.

underlying plaintiff prevails on its declaratory judgment action. *See 839 Cliffside Ave.*, 2016 WL 5372804, at *5.

The other line of cases permits third-party claims in actions of this nature. These cases focus on Rule 14's purpose of promoting judicial economy and "avoiding multiple and circuitous suits[.]" *Kantz*, 2018 WL 1535465, at *4 (quoting *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983)); *see also Hartford Fire Ins. Co. v. Harborview Marina & Yacht Club Comm. Ass'n, Inc.*, No. PJM 16-769, 2017 WL 2865016, at *5 (D. Md. July 5, 2017); *China Energy Corp. v. Hill*, No. 3:13-cv-562-MMD-VPC, 2014 WL 12647734, at *2-3 (D. Nev. June 13, 2014); *Royal Bank of Canada*, 825 F.Supp.2d at 583. As one district court has stated, "[t]he broad discretion afforded courts in executing Rule 14's purpose . . . counsels against 'a narrow or technical interpretation of the Rule's requirements.'" *Kantz*, 2018 WL 1535465, at *4 (quoting *Old Republic Ins. Co.*, 99 F.R.D at 568). Looking at the Rule's motivating purpose of efficiency, these courts have permitted third-party claims to be pursued in declaratory judgment actions where "the facts in the main claim and third-party action were related closely enough to further the policy of Rule 14 by permitting impleader." *Id.*

The Middle District of Pennsylvania remarked in 2011 that its independent review of the case law revealed a modern trend appearing to support "liberal construction of Rule 14(a) and permit third party actions to be filed in declaratory judgment cases where an adverse ruling on the underlying action may cause the original defendant to suffer a loss for which the third-party defendant may be liable." *Royal Bank of Canada*, 825 F.Supp.2d at 589-80 (citing *E. Enters. v. Shalala,* 942 F. Supp. 684, 689 (D. Mass. 1996); *Prudential Ins. Co. v. BMC Indus., Inc.,* 113 F.R.D. 100, 102-03 (S.D.N.Y. 1986); *Pavey v. Univ. of Alaska*, 490 F. Supp. 1011, 1014-15 (D. Alaska 1980)). The fact that a third-party complaint may be based on a different legal theory or

may assert a different type of relief from the underlying case did not bar impleader in these cases. *Id.* (citing 3 Moore's Federal Practice 14.04); *see also Monarch Life Ins. Co. v. Donahue*, 702 F. Supp. 1195 (E.D. Pa. 1989) (finding that a violation of Rule 14 does not necessarily arise when relief sought in underlying action, a declaratory judgment, differs from the relief sought in the third-party action, monetary damages).

The facts of this case are more analogous to the second line of cases, which permit impleader under Rule 14 in the declaratory judgment context. Specifically, in *Royal Bank of Canada*, the plaintiff sought a declaration that the contract did not require a payment to the defendant, either because certain requirements were not met or because the contract was void in its entirety. 825 F. Supp.2d at 582. The third-party that the original defendant sought to implead had advised the original defendant during the contracting process. *Id.* Like the third-party plaintiffs in *Royal Bank of Canada*, the Foundation has filed a third-party complaint against a party that advised it as to the validity of the Policy, charging that if the Policy is declared void or that if no duty to defend exists, Clarkson is liable for their negligent representations as to its validity.[3]

This case is distinguishable from this District's prior rulings in *B.H. Green & Son* and *Jahic*. While those cases also involved third-party complaints in an insurer's declaratory judgment action to determine coverage, the court found that both third-party complaints were "flawed" because the proposed claims would not meaningfully impact the coverage question. *See B.H. Green & Son,* 2011 WL 13210095, at *1-2; *Jahic*, 2011 WL 13210279, at *1-2. In *Jahic*, the court noted that the insured's complaints that the third-party defendants caused him emotional distress

---

[3] In *Royal Bank of Canada*, the court cited to three other cases with circumstances nearly identical to those presented here. *See also Hartford Cas. Ins. Co. v. ACC Meat Co.*, 2011 WL 398081, at *1 (M.D. Pa. Feb. 2, 2011); *Britamco Underwriters, Inc. v. B & D Milmont Inn, Inc.*, 1996 WL 445355, at *2 (E.D. Pa. Aug. 6, 2996); *Donahue*, 702 F. Supp. at 1198.

"arose from separate and individual claims." 2011 WL 13210279, at *2. Similarly, in *B.H. Green & Son*, the court explained that the coverage issue was "a purely legal question" and that "none of the factual issues necessary to a determination of the underlying tort action [would] be adjudicated by this Court." 2011 WL 13210095, at *2.

In contrast, the Foundation's third-party claims against Clarkson are closely related to the underlying declaratory judgment action and could plausibly impact the coverage question. The underlying declaratory judgment action and the Foundation's third-party complaints address the "knowledge exclusion" from the Policy and whether the Foundation and Individual Defendants violated such exclusion. (*See* DN 1, at ¶¶ 15-16, 50-52, 74; DN 13, at ¶¶ 24-27; DN 27, at ¶¶ 27-30). Because the Foundation's third-party claims correspond directly to the allegations in the declaratory judgment action, permitting these claims promotes the very purpose of Rule 14 – facilitating judicial efficiency. Narrowly construing Rule 14 to foreclose the Foundation's third-party complaint would undermine the Rule's purpose under these circumstances. This result will not unduly complicate the original suit but, instead, will prevent a third lawsuit involving the same disputed Policy provisions.

Finally, regarding Navigator's arguments that the Foundation has not alleged a factual basis for finding Clarkson responsible for rescission of the Policy under either their Third-Party Complaint or Amended Third Party Complaint, the Court finds such arguments will be more appropriately addressed when the Court rules on the pending motions to dismiss. (*See* DN 25; DN 40). For these reasons, the Court exercises its discretion in denying Navigator's Motion to Strike Third-Party Complaint and finding that Clarkson has been properly joined pursuant to Rule 14(a).

Order

**IT IS THEREFORE ORDERED** that Navigators' Motion to Strike Third-Party Complaint (DN 23) is **DENIED.**

Copies:	Counsel of Record