UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NAVIGATORS INSURANCE COMPANY,                                      Plaintiff,

v.                                                                     Civil Action No. 3:18-cv-437-DJH-RSE

UNIVERSITY OF LOUISVILLE
FOUNDATION, INC. et al.,                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Navigators Insurance Company brought this action against Defendant University of Louisville Foundation and various Foundation officers and board members seeking rescission of an insurance policy that Navigators issued to the Foundation. (*See* D.N. 1) The Foundation filed a third-party complaint against Defendant R.H. Clarkson Insurance Group, asserting fraud and negligence. (*See* D.N. 27, PageID # 338–42) Clarkson now moves for judgment on the pleadings on the Foundation's negligence claim. (D.N. 53) For the reasons explained below, the Court will grant Clarkson's motion.

**I.**

Navigators Insurance Company issued an insurance policy to the Foundation (the Policy), effective September 1, 2016, that included Directors and Officers coverage. (*See* D.N. 27, PageID # 333) Prior to contracting for coverage, Clarkson, working as an agent for Navigators, drafted an insurance proposal for the Foundation. (*Id.*, PageID # 331–32) Richard Lewis, an agent on Clarkson's business insurance team, worked with Defendant Jason Tomlinson, the Foundation's assistant treasurer, throughout the insurance proposal and application process. (*Id.*, PageID # 332)

Several of the Foundation's officers allegedly mismanaged the University endowment that the Foundation holds. (*Id.*, PageID # 331, 333) Kentucky's state auditor began investigating the

Foundation and its officers, which "garnered media attention in Louisville." (*Id.*, PageID # 334) The Auditor's Report was released to the public in December 2016 and detailed alleged wrongdoing by many of the Foundation's officers. (*Id.*)

In April 2018, the Foundation and the University of Louisville sued several of the Foundation's officers in state court, claiming fraud and breach of duty for their alleged mismanagement of the University's endowment. (*Id.*, PageID # 336) Navigators subsequently brought this action against the Foundation seeking rescission of the Policy or a judicial declaration that it has no liability to the Foundation related to the state-court lawsuit. (*Id.*, PageID # 337; *see also* D.N. 1) The Foundation then asserted third-party fraud and negligence claims against Clarkson. (*See* D.N. 27, PageID # 338–42) The Court previously dismissed the Foundation's fraud claim. (*See* D.N. 45, PageID # 495)

## II.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *CoMa Ins. Agency, Inc. v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court is required to "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

2

The Court's analysis "rests primarily upon the allegations of the complaint, [but] 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). The Court may not consider outside evidence, including affidavits submitted by a plaintiff in response to a defendant's motion. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 502–04 (6th Cir. 2006).

### III.

"Under Kentucky law, [a plaintiff] must establish three elements to proceed with a negligence claim: (1) [the defendant] owed a duty of care to [the plaintiff]; (2) [the defendant] breached that duty; and (3) the breach proximately caused [the plaintiff's] injuries." *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 415 (6th Cir. 2018) (applying Kentucky negligence law to a 12(b)(6) motion to dismiss). The Foundation alleges that Clarkson owed it a duty of care and breached that duty when Tomlinson asked Lewis whether the Foundation needed to disclose the "substantive allegations of the Auditor's Report" to Navigators, and "Lewis took the affirmative of [sic] action of answering in the negative and instructing the Foundation to make no supplemental disclosure." (D.N. 27, PageID # 341) The Foundation further alleges that this breach caused it "to be injured by the filing of this action by Navigators and by Navigators' attempted avoidance of coverage of the claims in the Underlying Lawsuit." (*Id.*)

Even assuming that Clarkson did breach a duty it owed to the Foundation, the facts as stated in the complaint do not adequately allege that the breach resulted in Navigators' lawsuit. (*See* D.N. 27, PageID # 334–38) Any such breach therefore did not cause the Foundation's claimed

3

damages. The Foundation bases its negligence claim on an email that Lewis sent to Tomlinson on September 22, 2016.[1] (D.N. 27, PageID # 335, 341) The email exchange went as follows:

Jason,

Per our conversation, the attached need to be copied to your letterhead[,] signed, and sent back our way. I didn't include the limits on the previous warranty statement.

Also a reminder to take a look at the line item for builder's risk on the Pediatric building. I really think we can save the foundation some considerable dollars there.

Regards,
Richard P. Lewis

\* \* \*

Richard,

They are attached. What is the definitely [sic] of "claims"? Does a threat constitute as [sic] a claim? It is obvious from the media that it has been implied or threaten[ed].

Thanks . . . Jason

\* \* \*

Jason,

Note that those forms are dated 8/30/2016. I believe those threats were made public after that and not subject [sic] to any warranty.

---

[1] In its response, the Foundation argues that its allegation that "Lewis took the affirmative of [sic] action of answering in the negative and instructing the Foundation to make no supplemental disclosure" (D.N. 27, PageID # 341) does not "rel[y] exclusively on the email correspondence" but rather that the Foundation "included [the email] exhibits merely as additional support for [this] independent allegation[]." (D.N. 59, PageID # 542) The only specific incident described in the complaint, however, is the email exchange. (*See* D.N. 27, PageID # 334–35) Even if there were another (undescribed) incident where Lewis "instruct[ed] the Foundation to make no supplemental disclosure" (D.N. 27, PageID # 341), the Foundation's complaint clearly states that it was not until September 2016 that "Tomlinson discussed the Auditor's Report and the potential implications associated with it with Lewis" and "disclosed all of the material allegations of the Auditor's Report to Lewis." (*See* D.N. 27, PageID # 334) As discussed below, this was after Tomlinson submitted the allegedly misleading application to Navigators that triggered Navigators' lawsuit, and it therefore is similarly unconnected to the Foundation's alleged damages.

4

Regards,
Richard P. Lewis

(D.N. 13-2, PageID # 85–86)  Attached to Tomlinson's email were signed Warranty and Representation Letters, dated August 30, 2016, for "Excess D&O" policies issued to the Foundation by Starr Indemnity.  (*See* D.N. 13-1, PageID # 82–83)  Each letter contained representations that "[t]here has not been nor is there now pending any claim(s), suit(s) or action(s) [including investigations] against any person or entity proposed for insurance under the policy referenced above."  (*Id.*)

The Foundation claims that "Tomlinson's disclosures to Lewis and Lewis's guidance to the Foundation in response were related to both the Navigators[] Policy at issue here and the Foundation's excess policy" and that Tomlinson's email to Lewis "asked whether the Auditor's Report and its media coverage constituted a claim under the [Navigators] Policy."  (D.N. 27, PageID # 334–35)  But as this Court previously held, these post hoc attempts to redefine the email exchange do not change the fact that the emails themselves clearly pertain only to the Starr Indemnity Policy: Lewis sent the Starr forms to Tomlinson to sign; Tomlinson's response referred to those forms; and Lewis's reply again refers back to the Starr forms.  (D.N. 13-2, PageID # 85–86; *see* D.N. 45, PageID # 494)  Nowhere in the emails did either Lewis or Tomlinson mention the Navigators Policy.  "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."  *Cates v. Crystal Clear Technologies, LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)).

Navigators' lawsuit has nothing to do with the Starr Indemnity coverage policy that Tomlinson and Lewis discussed over email.  Navigators instead bases its claims on alleged misrepresentations in the Application that the Foundation submitted as part of obtaining its

5

insurance policy from Navigators.[2] (*See* D.N. 1, PageID # 8, 11, 13)  Tomlinson signed and submitted that Application on behalf of the Foundation on August 29, 2016 (*see* D.N. 1, PageID # 3), several weeks before his email exchange with Lewis.  Navigators' complaint does not mention the Starr Indemnity policy.  Thus, even if Clarkson breached a duty of care when Lewis informed Tomlinson that the threats were not subject to Starr Indemnity's warranty, the Foundation has not adequately alleged that the breach "proximately caused" its damages in the form of Navigators' lawsuit.  *Burkeen*, 758 F. App'x at 415.  The Court therefore cannot draw a "reasonable inference that [Clarkson] is liable" for negligence, *Ashcroft* 556 U.S. at 662, and Clarkson is entitled to judgment on the pleadings.

### IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Clarkson's motion for judgment on the pleadings (D.N. 53) is **GRANTED**.  The Foundation's negligence claim (Count II) is **DISMISSED**.  The Clerk of Court is **DIRECTED** to terminate Clarkson as a third-party defendant in the record of this matter.

---

[2] In the alternative, Navigators argues that if the policy is not voided based on the misrepresentations in the application, it still does not provide coverage for the Foundation's officers based on various exclusions set out in the Policy.  (*See* D.N. 1, PageID # 13–16)  The "Knowledge Exclusion" also rests on the alleged misrepresentation in the Application submitted on August 29, 2016.  (*See* D.N. 1, PageID # 3–4, 15)